# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael Benson, | Case No. 23-cv-2377 (JRT/DLM) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Jodi Harpstead, *Comm. of the Dept. of Human Services, sued in official capacity*, | |
| Defendant, | |

This matter is before the Court on Defendant Jodi Harpstead's Motion to Dismiss (Doc. 8) Plaintiff Michael Benson's Complaint (Doc. 1). Also before the Court is Mr. Benson's Motion for Summary Judgment (Doc. 17). The case has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons stated below, the Court recommends granting Defendant Harpstead's Motion to Dismiss (Doc. 8) and dismissing Mr. Benson's Complaint (Doc. 1) without prejudice. Because the Court recommends granting Defendant's Motion to Dismiss, the Court also recommends denying Mr. Benson's Motion for Summary Judgment (Doc. 17) as moot.

## BACKGROUND

The Commissioner of the Minnesota Department of Human Services civilly committed Mr. Benson in 1993 for an indeterminate time on the basis that Mr. Benson has a psychopathic personality. *Matter of Commitment of Benson,* No. A22-1840, 2023 WL

3807476, at *1 (Minn. Ct. App. June 5, 2023), *review granted* (Sept. 27, 2023). He is currently committed to the Minnesota Sex Offender Program ("MSOP"). *Id*.

On April 21, 2020, Mr. Benson petitioned the Special Review Board ("SRB") for reduction in custody from his civil commitment at MSOP. *Id*. After a hearing on the issue, the SRB recommended denying Mr. Benson's petition. *Id*. Mr. Benson then further petitioned Minnesota's Commitment Appeal Panel ("CAP") for full discharge from his civil commitment. *Id.* On August 16, 2022, Mr. Benson, through an appointed attorney, filed a motion with the CAP asking that he be permitted to cross-examine all expert witnesses at the CAP hearing on his commitment. *Id*

On October 13, 2022, the state district court issued an order on Mr. Benson's motion allowing him to cross-examine all expert witnesses at the CAP hearing so long as his counsel was present. *Id.* At the November 14, 2022 CAP hearing, the CAP acknowledged the district court's order and allowed Mr. Benson to question witnesses only after Mr. Benson's counsel conducted the direct examination; and only allowed Mr. Benson's attorney to offer exhibits. *Id.*  If these conditions were satisfied, Mr. Benson would be permitted to question witnesses if he did so in a respectful and appropriate manner. *Id.*  Mr. Benson indicated that he was not willing to participate in the CAP under these conditions, and after consulting privately with his appointed counsel, offered no exhibits or witness testimony. *Id*. The Commissioner then moved to dismiss Mr. Benson's petition, also without offering any exhibits or testimony. *Id*. The CAP granted the Commissioner's motion to dismiss the petition, denied Mr. Benson all requested relief, and ordered Mr. Benson's petition withdrawn. *Id*.

On December 27, 2022, Mr. Benson filed an appeal with the Minnesota Court of Appeals seeking a hearing on his petition for discharge. *Id.* at *1-2. In his appeal, Mr. Benson argued that he had both a statutory and constitutional right to self-representation before the CAP. *Id.* at *2 & n.3. On June 5, 2023, the Minnesota Court of Appeals affirmed the CAP's dismissal of Mr. Benson's petition concluding that Mr. Benson had no statutory right to self-representation before the CAP, and that Mr. Benson had waived his right to a federal constitutional claim on appeal because he did not raise the issue with the court below. *Id.* *2-3 n. 3. Mr. Benson filed a Petition for Further Review ("PFR") with the Minnesota Supreme Court on June 28, 2023. *See generally In re Benson*, No. A22-1840 (Minn.).

While his PFR was still pending before the Minnesota Supreme Court, Mr. Benson brought this federal action pursuant to 42 U.S.C. § 1983. (*See generally* Doc. 1.) In his Complaint, Mr. Benson argues that the "Commissioner of DHS/MSOP" has deprived him of his "Federal Constitutional Right to Self-Representation," for which he seeks declaratory and injunctive relief. (*Id.* at 1-2.) On September 13, 2023, Defendant Harpstead moved to dismiss Mr. Benson's Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. 8.) Before briefing on the motion closed however, the Minnesota Supreme Court granted Mr. Benson's PFR on September 27, 2023. *See generally In re Benson*, No. A22-1840 (Minn.). Based on the Minnesota Supreme Court's grant of Mr. Benson's PFR, both parties agree that this Court should abstain from deciding this case

3

under the *Younger*[1] abstention doctrine. (*See* Docs. 19 at 4-5; 21 at 2.) But the parties disagree as to whether the case should be dismissed without prejudice or stayed until the state court proceedings have concluded.

## ANALYSIS

### I. MR. BENSON'S COMPLAINT SHOULD BE DISMISSED WITHOUT PREJUDICE UNDER THE *YOUNGER* ABSTENTION DOCTRINE.

The *Younger* abstention doctrine "provides that federal courts should abstain from exercising jurisdiction when (1) there is an ongoing state proceeding, (2) which implicates important state interests, and (3) there is an adequate opportunity to raise any relevant federal questions in the state proceeding." *Plouffe v. Ligon*, 606 F.3d 890, 892 (8th Cir. 2010); *see also Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Both parties agree that all three elements are met here. (Docs. 19 at 4-5; 21 at 2.)

The Court agrees with the parties. First, this is an ongoing state proceeding. *See generally In re Benson*, No. A22-1840 (Minn.). The Minnesota Supreme Court has granted review of Mr. Benson's appeal of his petition for discharge, and that review remains pending. *Id*. Second, this case implicates important state interests: the contours of a person's right to self-representation in state civil commitment proceedings. *See, e.g.*, *Dorliae v. Minnesota,* No. 18-cv-2162 (JRT/LIB), 2018 WL 4691591, at *1 (D. Minn. Sept. 7, 2018), (finding important state interest in state civil commitment proceedings), *R. & R. adopted*, 2018 WL 4688359 (D. Minn. Sept. 28, 2018). Finally, the Minnesota

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

4

Supreme Court has granted review of both Mr. Benson's state and federal constitutional claims. He thus has an opportunity to litigate his federal claims before the state court. *See generally In re Benson*, No. A22-1840 (Minn.). Accordingly, this Court must refrain from deciding this matter under the *Younger* abstention doctrine.

But the Court's task does not end there. Although the parties agree that this federal Court must abstain from deciding this case, they disagree as to whether the case should be stayed until the resolution of state-court proceedings or dismissed now without prejudice. Mr. Benson asks the Court to stay his federal case until his state case is resolved. Defendant Harpstead, by contrast, asks the Court to dismiss this case now without prejudice.

Mr. Benson states in his Complaint that he his seeking declaratory and injunctive relief from the federal court. (Doc. 1 at 5.) He seeks no monetary damages. (*Id.*) As a result, a dismissal without prejudice, rather than a stay, is appropriate here. *Geier v. Missouri Ethics Comm'n,* 715 F.3d 674, 678 (8th Cir. 2013) ("Where *Younger* abstention is otherwise appropriate, the district court generally must dismiss the action, not stay it pending final resolution of the state-court proceedings."); *cf. Night Clubs, Inc. v. City of Fort Smith, Ark.,* 163 F.3d 475, 481–82 (8th Cir. 1998) ("In cases where damages are sought in the federal suit, the Supreme Court instructs that traditional abstention principles generally require a stay as the appropriate mode of abstention.") Accordingly, this Court recommends that Defendant Harpstead's Motion to Dismiss (Doc. 8) be granted and Mr. Benson's Complaint (Doc. 1) be dismissed without prejudice under the *Younger* abstention doctrine.

## II. MR. BENSON'S MOTION FOR SUMMARY JUDGMENT SHOULD BE DISMISSED WITHOUT PREJUDICE AS MOOT.

The Court next addresses Mr. Benson's Motion for Summary Judgment. On October 6, 2023, in response to Defendant's Motion to Dismiss, Mr. Benson filed a Motion for Summary Judgment (Doc. 17). He filed none of the supporting documents which District of Minnesota Local Rule 7.1(c) requires.[2] (*See generally Id.*) Rather, in his short two-sentence motion, Mr. Benson states that the "reasons for this Motion are plainly stated in Plaintiff's OBJECTION TO DEFENDANT'S MEMORANDUM OF LAW AND MOTION TO DISMISS and other supporting documents filed." (*Id.* at 1.) Defendant Harpstead argues that her Motion to Dismiss, which was filed first, should not be converted to a motion for summary judgment. Mr. Benson has filed no response to Defendant's argument. In any event, because the Court recommends granting Defendant Harpstead's Motion to Dismiss, the Court recommends denying Mr. Benson's Motion for Summary Judgment (Doc. 17) as moot.

## RECOMMENDATION

Accordingly, based on all the files, records, and proceedings above, **IT IS RECOMMENDED** that:

1. Defendant Harptstead's Motion to Dismiss (Doc. 8) be **GRANTED**;

---

[2] When filing dispositive motions, "the moving party must file and serve the following documents simultaneously: (A) motion; (B) notice of hearing; (C) memorandum of law; (D) any affidavits and exhibits; (E) meet and confer statement . . . and (F) proposed order." D. Minn. LR 7.1(c).

2.  Mr. Benson's Complaint (Doc. 1) be **DISMISSED WITHOUT PREJUDICE**; and
3.  Mr. Benson's Motion for Summary Judgment (Doc. 17) be **DENIED** as moot.

Date: July 3, 2024

*s/Douglas L. Micko*
DOUGLAS L. MICKO
United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy" of the Report and Recommendation.

A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).